UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MACIEL SCANDRETT,

    Plaintiff,

-vs-                                            CASE NO.:

EQUIFAX INFORMATION SERVICES
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION LLC, and
ALLY FINANCIAL INC.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Maciel Scandrett (hereinafter "Plaintiff"), sues Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Ally Financial Inc., and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

1

# JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Orlando, Florida; the violations described in this Complaint occurred in this District; and the Defendants transact business within this district.

5. Plaintiff is a "consumer" as defined by the FCRA and FCCPA.

6. Equifax Information Services LLC ("Equifax") is a corporation with its principal place of business located in Atlanta, GA that conducts business in the State of Florida.

7. Equifax is a "consumer reporting agency" as defined in 15 USC § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

9. Experian Information Solutions, Inc. ("Experian") is a corporation with its principal place of business in Costa Mesa, CA that conducts business in the State of Florida.

10. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Trans Union LLC ("TransUnion") is a corporation with its principal place of business in Chicago, IL that conducts business in the State of Florida.

13. TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681(f). TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

15. Ally Financial Inc. ("Ally") is a corporation based in the State of Michigan that conducts business in the State of Florida.

16. Ally is a furnisher of information as defined by the FCRA.

17. Ally is a debt collector as defined by the FCCPA.

18. The alleged debt in question is a consumer debt as defined by the FCCPA.

## **FACTUAL ALLEGATIONS**

18. Equifax, Experian, and TransUnion are the "big three" credit reporting agencies in the United States today.

19. In or around 2021 it came to Plaintiff's attention that Ally is furnishing false information about her to credit reporting agencies, including Equifax, Experian, and TransUnion, and that those credit reporting agencies are subsequently reporting that false information.

20. At that time Plaintiff began disputing the false information furnished by Ally and reported by the aforementioned credit reporting agencies by sending disputes to each of the aforementioned credit reporting agencies.

21. Each time Plaintiff sent a dispute to one of the aforementioned credit reporting agencies, those credit reporting agencies verified the false information furnished by Ally despite Plaintiff providing the credit reporting agencies with the information needed to show that the information being furnished by Ally was false.

22. Further, upon information and belief each time Plaintiff disputed with the credit reporting agencies Ally conducted a reinvestigation wherein it too had all the information necessary to realize that the information it is furnishing is false, yet failed to do so.

23. Plaintiff's credit scores have dropped significantly because of the actions and/or inactions of the Defendants.

24. Plaintiff has wasted countless hours dealing with this situation due to the actions/inactions of the Defendants.

25. Plaintiff has suffered from stress, frustration, worry, and anger as a result of the actions/inactions of the Defendants.

26. Plaintiff first realized that Ally was furnishing false information about her to credit reporting agencies when she went to obtain a vehicle loan and was given a higher than usual interest rate.

27. Plaintiff has wanted to obtain new financing for a vehicle but cannot until this situation is resolved.

28. Plaintiff's damages are ongoing.

## CAUSES OF ACTION

### COUNT I
### Violations of the Fair Credit Reporting Act as to Equifax

29. Plaintiff re-alleges and incorporates paragraphs 1 through 28 above as if fully set forth herein.

30. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

31. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered a drop in credit scores, loss of her personal time, emotional distress, and the damages outlined in this complaint.

32. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

33. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
**Violations of the Fair Credit Reporting Act as to Equifax**

34. Plaintiff re-alleges and incorporates paragraphs 1 through 28 above as if fully set forth herein.

35. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

36. Plaintiff repeatedly provided Equifax with the information it needed to confirm that the alleged debt in question did not belong to her. Equifax instead ignored this information and chose to verify the information furnished by Ally without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

37. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; and the damages outlined in this Complaint.

38. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

39. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
**Violations of the Fair Credit Reporting Act as to Experian**

40. Plaintiff re-alleges and incorporates paragraphs 1 through 28 above as if fully set forth herein.

41. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

42. As a result of this conduct, action and inaction of Experian, Plaintiff suffered a loss of her personal time, emotional distress, and the damages otherwise outlined in this complaint.

43. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

44. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

   **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
**Violations of the Fair Credit Reporting Act as to Experian**

45. Plaintiff re-alleges and incorporates paragraphs 1 through 28 above as if fully set forth herein.

46. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

47. Plaintiff repeatedly provided Experian with the information it needed to confirm that the alleged debts in question did not belong to her. Experian instead ignored this information and chose to verify the information furnished by Ally without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

48. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; and the damages outlined in this Complaint.

49. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

50. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
### Violations of the Fair Credit Reporting Act as to TransUnion

51. Plaintiff re-alleges and incorporates paragraphs 1 through 28 above as if fully set forth herein.

52. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

53. As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered a financial loss, loss of her personal time, emotional distress, and the damages otherwise outlined in this complaint.

54. TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15

USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

55. Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TransUnion, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VI
**Violations of the Fair Credit Reporting Act as to TransUnion**

56. Plaintiff re-alleges and incorporates paragraphs 1 through 28 above as if fully set forth herein.

57. TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

58.   Plaintiff repeatedly provided Equifax with the information it needed to confirm that the alleged debts in question did not belong to her. TransUnion instead ignored this information and chose to verify the information furnished by Ally without conducting any meaningful reinvestigation into any of Plaintiff's disputes.

59.   As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; and the damages outlined in this Complaint.

60.   TransUnion's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

61.   Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

   **WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TransUnion, jointly and severally; for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT VII
### Violations of the FCCPA as to Ally Financial

62. Plaintiff re-alleges and incorporates paragraphs 1 through 28 above as if fully set forth herein.

63. Ally furnished inaccurate representations to credit reporting agencies and through those credit reporting agencies to all of Plaintiff's potential lenders.

64. Ally violated subsection (5) of the FCCPA by disclosing to a person other than the debtor or her family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

65. Ally did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Ally by the Plaintiff as well as its own internal records. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the validity of the debt in question. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm Plaintiff did not owe a debt to Ally.

66. As a result of the conduct, action and inaction of Ally, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein.

67. Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from Ally pursuant to the FCCPA.

68. Plaintiff is entitled to recover reasonable attorney's fees and costs from Ally in an amount to be determined by the Court pursuant to Florida law.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Ally to Plaintiff; award Plaintiff her reasonable attorney's fees and the costs of this action pursuant to Florida law; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violations of the Fair Credit Reporting Act as to Ally Financial

69. Plaintiff re-alleges and incorporates paragraphs 1 through 28 above as if fully set forth herein.

70. Ally furnished inaccurate representations to credit reporting agencies and through those credit reporting agencies to all of Plaintiff's potential lenders.

71. Ally violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

72. Ally violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

73. Ally did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Ally by the Plaintiff in connection with her disputes of the accounts in question and its own internal records. Instead, it knowingly chose to follow procedures which did not review, confirm or verify whether or not Plaintiff owed a debt to Ally. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff did not owe Ally a debt.

74. As a result of the conduct, action and inaction of Ally, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein.

75. Ally's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

76. Plaintiff is entitled to recover reasonable attorney's fees and costs from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Ally to Plaintiff; award Plaintiff her reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
The Consumer Lawyers PLLC
3210 West Cypress St.
Tampa, Florida 33607
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
*Counsel for Plaintiff*